COURT OF COMMON PLEAS
Friday, April 7, 2017 3:58:45 PM
CASE NUMBER: 2017 CV 01724 Docket ID: 30748007
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO



**EXHIBIT "A"**

STATE OF OHIO, COUNTY OF MONTGOMERY
IN THE COURT OF COMMON PLEAS

| | |
|---|---|
| **DALE TOLLEY**<br>250 Kesling Dr.<br>Springboro, OH 45066<br><br>and<br><br>**CHARLENE TOLLEY**<br>250 Kesling Dr.<br>Springboro, OH 45066<br><br>   Plaintiffs,<br><br>   v.<br><br>**MENARD, INC.**<br>**SERVE:**<br>CSC – Lawyers Incorporating Service<br>   Corporation Service Company<br>   50 W. Broad St., Suite 1800<br>   Columbus, OH 43215<br><br>and<br><br>**JOHN DOES 1-2 (NAMES UNKNOWN)**<br>Employees of Menard, Inc.<br>(Personal Addresses Unknown)<br>Employment Address: **c/o Menard, Inc**<br>**SERVE:**<br> CSC – Lawyers Incorporating Service<br>   (Corporation Service Company)<br>   50 W. Broad St., Suite 1800<br>   Columbus, OH 43215<br><br>and | CASE NO.:_____<br>(Judge _____ )<br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

| | |
|---|---|
| **INHEALTH MUTUAL**<br>**SERVE:**<br>  Coordinated Health Mutual, Inc.<br>  501 W. Schrock Rd. Suite 310<br>  Westerville, OH 43081<br><br>and<br><br>**HEALTHSCOPE BENEFITS, INC.**<br>**SERVE:**<br>  Corporation Service Company<br>  1180 Avenue of the Americas<br>  New York, NY 10036<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STATEMENT OF FACTS

1. On or about June 30, 2016 in Montgomery County, Ohio, Plaintiff Dale Tolley ("Plaintiff"), a truck driver, arrived at the Menards Distribution Center in Holiday City, Ohio where John Doe I, a Menard's employee, carelessly loaded lumber onto a trailer attached to Plaintiff's truck.

2. Plaintiff then travelled to a Menards warehouse in Miami Township, OH with his truck and trailer to deliver the lumber. That day, Defendant John Doe II, a Menards employee, operated a forklift and unloaded lumber from Plaintiff's trailer. While he was unloading lumber, Defendant John Doe II carelessly knocked a stack of lumber off the trailer, causing it to fall onto Plaintiff's leg and significantly injure him.

## FIRST CAUSE OF ACTION
*Negligence of Defendant John Doe I*

3.  Plaintiffs hereby incorporate by reference all preceding paragraphs in this Complaint.

4.  On June 30, 2016, Plaintiff Dale Tolley arrived at the Menards Distribution Center in Holiday City, Ohio where John Doe I carelessly loaded lumber onto a trailer attached to Plaintiff's truck by failing to secure it properly.

5.  Defendant John Doe I had a duty to load the lumber onto Plaintiff's trailer in a safe and reasonable manner.

6.  On June 30, 2016, Defendant John Doe I failed in the above-mentioned duty and is therefore negligent.

7.  Defendant John Doe I's negligence was the direct and proximate cause of Plaintiff's injuries, including but not limited to a significant fracture in his right leg.

8.  As a direct and proximate result of Defendant John Doe I's negligence, Plaintiff has lost past and future wages and his earning capacity has diminished.

9.  As a direct and proximate result of Defendant John Doe I's negligence, Plaintiff incurred medical bills in excess of $60,000 for the treatment of his injuries directly resulting from Defendant John Doe I's negligence and will incur bills for care and for medical treatment in the future.

10. As a direct and proximate result of Defendant John Doe I's negligence, Plaintiff experienced physical and mental pain and suffering and lost the ability to perform usual activities, resulting in a diminished quality of life.

## SECOND CAUSE OF ACTION
*Negligence of Defendant John Doe II*

11. Plaintiffs hereby incorporate by reference all preceding paragraphs in this Complaint.

12. On June 30, 2016, Plaintiff Dale Tolley arrived at a Menards Distribution Center in Holiday City, Ohio to deliver lumber.

13. That same day, Plaintiff was waiting for Defendant John Doe II to finish unloading lumber from Dale's trailer with a forklift. While doing so, Defendant John Doe II failed to pay attention and knocked a pile of lumber off the trailer, causing it to fall onto Plaintiff.

14. Defendant John Doe II had a duty to operate the forklift in a safe and reasonable manner.

15. On June 30, 2016, Defendant John Doe II failed in the above-mentioned duty and is therefore negligent.

16. Defendant John Doe II's negligence was the direct and proximate cause of Plaintiff's injuries, including but not limited to a significant fracture in his right leg.

17. As a direct and proximate result of Defendant John Doe II's negligence, Plaintiff has lost past and future wages and his earning capacity has diminished.

18. As a direct and proximate result of Defendant John Doe II's negligence, Plaintiff incurred medical bills in excess of $60,000 for the treatment of his injuries directly resulting from Defendant John Doe's negligence and will incur bills for care and for medical treatment in the future.

19. As a direct and proximate result of Defendant John Doe II's negligence, Plaintiff experienced physical and mental pain and suffering and lost the ability to perform usual activities, resulting in a diminished quality of life.

### THIRD CAUSE OF ACTION
*Respondeat Superior Negligence of Menards*

15. All allegations and causes of action above are incorporated into this cause of action by reference.

16. At all relevant times, Defendant John Doe I and Defendant John Doe II were employees of Defendant Menards and were working within the scope of said employment. Accordingly, Defendant Menards is vicariously liable for the acts of Defendants John Doe I and John Doe II described in the causes of action above.

20. As a direct and proximate result of Defendant Menards' negligence, Plaintiff experienced physical and mental pain and suffering and lost the ability to perform usual activities, resulting in a diminished quality of life.

## FOURTH CAUSE OF ACTION
*Negligent Hiring and Supervision of Menards*

17. All allegations and causes of action above are incorporated into this cause of action by reference.

18. At all relevant times, Defendant Menards had a duty to exercise reasonable care in hiring, training, and supervising its employees to ensure said individuals performed tasks safely and with reasonable care.

19. On and before June 30, 2016, Defendant Menards failed in the above-mentioned duty and is therefore negligent.

20. Defendant Menards' negligence was the direct and proximate cause of Plaintiff's injuries, including but not limited to a significant fracture in his right leg.

21. As a direct and proximate result of Defendant Menards' negligence, Plaintiff has lost past and future wages and his earning capacity has diminished.

22. As a direct and proximate result of Defendant Menards' negligence, Plaintiff incurred medical bills in excess of $60,000 for the treatment of his injuries directly resulting from Defendant Menards' negligence and will incur bills for care and for medical treatment in the future.

23. As a direct and proximate result of Defendant Menards' negligence, Plaintiff experienced physical and mental pain and suffering and lost the ability to perform usual activities, resulting in a diminished quality of life.

### FIFTH CAUSE OF ACTION
*Consortium Claim Against All Defendants*

24. All allegations and causes of action above are incorporated into this cause of action by reference.

25. Plaintiffs Charlene and Dale were married at the time of the crash and remain married.

26. As a direct and proximate result of Defendants' negligence, Plaintiff Charlene Tolley has lost the companionship, society, services and consortium of Plaintiff.

### SIXTH CAUSE OF ACTION
*Against Defendant Inhealth Mutual*

27. All allegations and causes of action above are incorporated into this cause of action by reference.

28. Upon information and belief, Defendant Inhealth Mutual may have paid certain expenses incurred by Plaintiff Dale Tolley as a result of the negligence of Defendant John Doe I, Defendant John Doe II, and Defendant Menards.

29. Defendant Inhealth Mutual claims a subrogated interest in the proceeds of this litigation.

30. Plaintiff demands Defendant Inhealth Mutual set forth and prove its subrogation interest or forever be barred from recovering it.

### SEVENTH CAUSE OF ACTION
*Against Defendant Healthscope Benefits, Inc.*

31. All allegations and causes of action above are incorporated into this cause of action by reference.

32. Upon information and belief, Defendant Healthscope Benefits, Inc. may have paid certain expenses incurred by Plaintiff Dale Tolley as a result of the negligence of Defendant John Doe I, Defendant John Doe II, and Defendant Menards.

33. Defendant Healthscope Benefits, Inc. claims a subrogated interest in the proceeds of this litigation.

34. Plaintiff demands Defendant Healthscope Benefits, Inc., set forth and prove its subrogation interest or forever be barred from recovering it.

**WHEREFORE**, Plaintiffs respectfully requests judgment in their favor and against all Defendants, jointly and severally, in an amount that is just and fair and in excess of Twenty-Five Thousand Dollarss ($25,000) (exclusive of costs and interest), in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

RITTGERS & RITTGERS

/s/ Charles M. Rittgers
Charles M. Rittgers, #0086567
Attorney for Plaintiffs
12 East Warren Street
Lebanon, Ohio 45036
Telephone: (513) 932-2115
Fax: (513) 934-2201
charlie@rittgers.com

**INSTRUCTIONS TO CLERK:**

Please cause each **DEFENDANT** to be served by **CERTIFIED MAIL** at the above addresses. Also, please serve **DEFENDANT MENARD, INC. at Serve: CSC – Lawyers Incorporating Service, Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.**

/s/ Charles M. Rittgers
Charles M. Rittgers
Attorney for Plaintiffs