## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DALE TOLLEY and | : | Case No. 3:17-cv-157 |
| CHARLENE TOLLEY, | : | |
| | : | Judge Thomas M. Rose |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MENARD, INC., et al., | : | |
| | : | |
| Defendants. | : | |

---

## ENTRY AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND
## FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 9)

---

This case is before the Court on the Motion to Remand for Lack of Subject Matter Jurisdiction ("Motion to Remand") (Doc. 9) filed by Plaintiffs Dale Tolley and Charlene Tolley ("Plaintiffs"). Plaintiffs brought this action in the Montgomery County, Ohio Court of Common Pleas against Defendant Menard, Inc. ("Menard") and two "John Doe" Defendants. Menard removed the action to this Court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Plaintiffs now assert that Menard's discovery responses identify one of the John Doe Defendants as an Ohio resident, which destroys the diversity of citizenship between Plaintiffs and Defendants. Plaintiffs argue that the case should be remanded to state court based on this new information.

In opposition, Menard argues that it would be improper to remand this action to state court based on its discovery responses alone. (Doc. 11.) Menard argues that Plaintiffs first must move to amend their Complaint to substitute the Ohio resident for

one of the John Doe Defendants. If leave is granted and Plaintiffs amend the Complaint, only then may they move to remand for lack of jurisdiction. (Doc. 11 at 2-3, citing *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536 (6th Cir. 2006) and *Lampton v. Columbia Sussex Corp.*, No. 10-CV-11922, 2010 WL 3075752 (E.D. Mich. Aug. 5, 2010).)

In reply, Plaintiff counters that, under 28 U.S.C. § 1447(c), the Court shall remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." (Doc. 14 at 2, quoting 28 U.S.C. §1447(c).)

The Court is persuaded by the reasoning in *Curry* and *Lampton* that it should not re-evaluate its jurisdiction until Plaintiffs have been granted leave to amend their Complaint to name the John Doe Defendant who is an Ohio resident. *See Curry*, 462 F.3d at 540; *Lampton*, 2010 WL 3075752, at \*1-\*2. The Court therefore **DENIES** the Motion to Remand (Doc. 9) and directs Plaintiffs to file a motion for leave to amend the Complaint if they intend to pursue a claim against the above-referenced John Doe Defendant in this action.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, October 2, 2017.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE