**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DALE TOLLEY, et al., | : | Case No. 3:17-cv-157 |
| | : | |
| Plaintiffs, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| MENARD, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

_____

**ENTRY AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT (DOC. 17), GRANTING SECOND MOTION TO REMAND TO
STATE COURT FOR LACK OF JURISDICTION (DOC. 20), TERMINATING
MOTION FOR SUMMARY JUDGMENT (DOC. 16) AND MOTION FOR LEAVE
TO SERVE ADDITIONAL DISCOVERY (DOC. 19) FOR LACK OF
JURISDICTION, REMANDING CASE TO MONTGOMERY COUNTY COURT
OF COMMON PLEAS, AND TERMINATING THIS CASE**

_____

This case is before the Court on the Motion for Leave to File First Amended Complaint

("Motion to Amend") (Doc. 17) and Second Motion to Remand for Lack of Subject Matter

Jurisdiction ("Motion to Remand") (Doc. 20) filed by Plaintiffs Dale and Charlene Tolley

("Plaintiffs"). Defendant Menard, Inc. ("Menard") filed a consolidated Memorandum in

Opposition (Doc. 23) to the Motion to Amend and Motion to Remand, in response to which

Plaintiffs filed a consolidated Reply (Doc. 24). These Motions are therefore ripe for review.

**I.      BACKGROUND**

The following facts are taken from Plaintiffs' Complaint. (Doc. 1-1.) On or about June

30, 2016, Plaintiff Dale Tolley, a truck driver, arrived at Menard's Distribution Center in

Holiday City, Ohio where Defendant John Doe I, a Menard's employee, loaded lumber onto a

trailer attached to Dale Tolley's truck. (*Id.* at ¶ 1.) Tolley drove the trailer to a Menard's

warehouse in Miami Township, Ohio to deliver the lumber. (*Id*. at ¶ 2.) Defendant John Doe II, a Menard employee, operated a forklift to unload the lumber from Dale Tolley's trailer. (*Id.*) During the unloading process, John Doe II allegedly knocked a stack of lumber off the trailer, causing it to fall onto Dale Tolley's leg. (*Id.*)

Plaintiffs claim that John Doe I negligently loaded the lumber onto Dale Tolley's trailer and that John Doe II negligently unloaded the lumber. Dale Tolley has allegedly suffered physical and mental pain and suffering due to the injury to his leg. (*Id*. at ¶ 10, 19.) He further alleges that he "lost the ability to perform usual activities, resulting in a diminished quality of life." (*Id*.) Dale Tolley's wife, Charlene Tolley, claims that she lost her husband's companionship, services and consortium due to the incident. (*Id.* at ¶ 26.)

Plaintiffs brought this case in the Montgomery County Court of Common Pleas. Menard removed the case to this Court based on its diversity jurisdiction. (Doc. 1.) Through discovery, Plaintiffs obtained the name and address of John Doe II: Cody Brandenburg of 108 W. Center Street, Farmersville, OH 45325. Plaintiffs also requested the name and address of John Doe I from Menard, but have not received it. The reason why Plaintiffs have not received that information is not completely clear, but Plaintiffs' Motion for Leave to Serve Additional Discovery (Doc. 19) appears directed, at least in part, to that issue.

Plaintiffs moved for leave to file a First Amended Complaint that names Brandenburg in the place of John Doe II and includes additional Defendants that may have a subrogated interest in the proceeds of the litigation. The substantive allegations regarding the incident that caused Dale Tolley's injuries are otherwise the same as those in the Complaint.

Plaintiffs assert nine causes of action in the proposed First Amended Complaint: (1) negligence against John Doe I, (2) negligence against Brandenburg, (3) respondeat superior

negligence against Menard, (4) negligent hiring and supervision against Menard, (5) loss of consortium claim against all Defendants, (6) a subrogation-related claim against Inhealth Mutual, (7) a subrogation-related claim against Healthscope Benefits, (8) a subrogation-related claim against the Ohio Bureau of Workers' Compensation, and (9) a subrogation-related claim against Anthem Direct Access. (Doc. 17-1.)

As both Plaintiffs and Brandenburg are Ohio residents, upon the filing of the First Amended Complaint, there would no longer be complete diversity between the parties to support federal jurisdiction over this case. As a result, Plaintiffs also move to remand the case to the Montgomery County Court of Common Pleas should the Motion to Amend be granted.

## II.    ANALYSIS

Federal Rule of Civil Procedure 15 governs the filing of amended complaints. It provides, in pertinent part, that "[t]he court should freely give leave [to amend] where justice so requires." Fed. R. Civ. P. 15(a)(2). When considering a motion for leave to amend, the Sixth Circuit has advised courts to consider "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments." *American Elect. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Menard argues that Plaintiffs' request for leave to amend should be denied under 28 U.S.C. § 1447(e) because its sole purpose is to destroy federal jurisdiction. Section 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* A district court should consider the following factors in exercising its discretion under § 1447(e):

3

> (1)    the extent to which the proposed amendment's intent was to destroy federal jurisdiction,
>
> (2)    whether the plaintiff was dilatory in filing the motion to amend,
>
> (3)    whether the plaintiff would be significantly injured if the motion to amend were denied, and
>
> (4)    any other equitable factors.

*Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (citing *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999)).

The argument that Plaintiffs seek leave to amend solely to destroy federal jurisdiction is not supported by the pleadings. The Complaint already named Brandenburg as John Doe II and contains identical allegations regarding his involvement in the incident that caused Dale Tolley's injuries. Plaintiffs therefore intended to bring a claim against Brandenburg from the outset of this case. The first factor does not support denial of the Motion to Amend.

Menard also contends that Plaintiffs were dilatory in filing the Motion to Amend. Menard removed the case to this Court on May 5, 2017. (Doc. 1.) Plaintiffs first moved to remand this case on August 17, 2017. (Doc. 9.) As the Court stated in its October 3, 2017 Order denying that motion, Plaintiffs should have sought leave to amend the Complaint before moving to remand. (Doc. 15.) That Order caused Plaintiffs to file the instant Motion to Amend on November 14, 2017. (Doc. 17.) The Court ordered a consolidated briefing schedule on the Motion to Amend and anticipated Motion to Remand—which is also now before the Court—both of which became ripe on December 13, 2017. (Doc. 24.) Based on this history, the Court cannot find that Plaintiffs have been dilatory in bringing their Motions. Plaintiffs' decision to bring a motion to remand before seeking leave to amend the Complaint was a procedural misstep, but does not suggest a lack of diligence.

4

The third factor concerns whether Plaintiffs would be prejudiced by denial of the Motion to Amend. Menard argues that Plaintiffs would not be prejudiced because they would be able to obtain complete relief from Menard, regardless of whether Brandenburg is added to the case. (Doc. 23 at 3-4, citing *Lawson v. Lowe's Home Centers, LLC*, No. CIV.A. 5:13-374-KKC, 2015 WL 65117, at *4 (E.D. Ky. Jan. 5, 2015).) This is a reasonable argument. Plaintiffs have not alleged any conduct by Brandenburg that appears to be outside the scope of his employment with Menard. Therefore, under Ohio law, Menard could be found liable for that conduct under the doctrine of respondeat superior. *See generally Byrd v. Faber*, 57 Ohio St. 3d 56, 58, 565 N.E.2d 584, 587 (1991) (reciting elements of respondeat superior claim). This factor alone does not compel the conclusion, however, that the Motion to Amend should be denied.

Finally, the Court is to consider any other equitable factors. Menard argues that it has been prejudiced by Plaintiffs' delay. It states that "Plaintiffs would have the Court believe that Defendant Menard has 'improperly withheld' information from them, when in fact Plaintiffs' delay results from their failure to adhere to the Federal Rules of Civil Procedure." (Doc. 23 at 5.) Namely, Plaintiffs served 36 interrogatories, which is 11 more than permitted under Federal Rule of Civil Procedure 33. Menard declined to answer the additional interrogatories, and specifically Interrogatories No. 30 and 31, which requested the identity of John Doe I. Plaintiffs' Motion for Leave to Conduct Additional Discovery addresses this dispute. Menard also complains that Plaintiffs wasted time by pursuing remand before seeking leave to amend the Complaint, despite caselaw establishing that Plaintiffs' original motion to remand was premature.

The Court is not persuaded that equity favors Menard on the issue of delay. Although the Court has not reviewed Plaintiffs' Motion for Leave to Serve Additional Discovery, it appears that the parties could have worked out any issues regarding the identities of John Doe I and John

Doe II themselves if moving this case forward were a priority. Despite its procedural objection, Menard could have simply provided this information—Menard has not represented that it does not know John Doe I's identity. The identities of John Doe I and John Doe II are clearly relevant as they are alleged to have handled the lumber that fell on Dale Tolley's leg. The burden of producing such information, at this stage of the case, should not be undue.

Considering all of the factors under § 1447(e), Plaintiffs' Motion to Amend is reasonable and will be granted. Plaintiffs made a procedural misstep in prematurely seeking remand, but the case is still in the early stages. Moreover, Menard could have avoided some of the delay, if that were a genuine concern. While Menard is correct that Plaintiffs could potentially recover all of their damages from Menard, making the claim against Brandenburg unnecessary, the facts do not suggest that Plaintiffs have sought leave to amend to destroy federal jurisdiction. Where such intent is not evident, the Court is not inclined to undermine Plaintiffs' judgment as to how to pursue their claims.

Menard also opposes the Motion to Amend on the grounds that the claim against Brandenburg would not withstand a motion to dismiss. Specifically, Menard argues that the allegation that Brandenburg was negligent in unloading the trailer is implausible and therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The proposed First Amended Complaint alleges that Brandenburg "failed to pay attention and knocked a pile of lumber off the trailer, causing it to fall onto Plaintiff Dale Tolley." (Doc. 17-1 at ¶ 22.) This allegation, though simple, is sufficient to plead a claim for negligence in the context of the other allegations in the First Amended Complaint. Another issue with Menard's argument here is that it relies on Dale Tolley's deposition testimony to undermine

the First Amended Complaint's allegations. Such argument is appropriate on a motion for summary judgment, not a motion to dismiss.

## III.    CONCLUSION

For the reasons above, Plaintiffs' Motion to Amend (Doc. 17) and Motion to Remand (Doc. 20) are **GRANTED**. This case is hereby **REMANDED** to the Montgomery County Court of Common Pleas for further proceedings. The Clerk is directed to **TERMINATE** this case, including Defendants' Motion for Summary Judgment (Doc. 16) and Plaintiffs' Motion for Leave to Serve Additional Discovery (Doc. 19), on the docket of this Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, January 8, 2018.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE